IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN REDE,<br>　　Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. **5:20-cv-00693** |
| PLAINS MARKETING, L.P., PLAINS ALL AMERICAN PIPELINE, L.P., SPIRO PENOVIC, and WTL OIL, LLC,<br>　　Defendants. | § § § § § | |

## DEFENDANT WTL OIL, LLC'S NOTICE OF REMOVAL

Comes now WTL OIL, LLC (hereinafter "WTL") and files this Notice of Removal, removing the State Court action described below to this federal court, and in support therefore respectfully shows the Court as follows:

### I.
### BASIS OF REMOVAL

This removal is filed pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) in that WTL asserts there is an improper/fraudulent joinder attempting to defeat diversity thereby conferring federal question jurisdiction upon this Court. WTL asserts the following facts and basis supporting removal, and in so doing expressly reserves all other questions for the purpose of future pleadings.

### II.
### PROCEDURAL HISTORY

Juan Rede (hereinafter "Plaintiff") filed this action on or about March 25, 2020 against Plains Marketing, L.P. and Plains All American Pipeline, L.P. (hereinafter "Plains Marketing" and "Plains Pipeline" respectively and "Plains Defendants" collectively) in the 218th Judicial District Court of Frio County, Texas, docketed under Cause No. 20-03-00116CVF (hereinafter referred to

as the "State Court Action").[1] *See* Ex. A-1. The Plains Defendants filed their Original Verified Answer to Plaintiff's Original Petition on April 27, 2020 (Ex. A-5), a Motion to Dismiss pursuant to TEXAS RULE OF CIVIL PROCEDURE 91a on May 11, 2020 (Ex. A-6), and a First Amended Motion to Dismiss on May 19, 2020 (Ex. A-7).

On May 12, 2020 Plaintiff filed his First Amended Petition adding Spiro Penovic (hereinafter "Penovic") and WTL Oil, LLC as Defendants. WTL was served with Plaintiff's First Amended Petition on May 21, 2020 and filed its Original Answer and Jury Demand on June 8, 2020 (Exs. A-12 and A-13, respectively).

On May 21, 2020 Plaintiff improperly attempted service on Penovic by delivering a copy of the Citation and First Amended Petition to the registered agent of his former employer, WTL. *See* Ex. A-12. As such attempt was improper, Penovic has not yet been properly served with Citation and no Answer has been filed on his behalf as of the filing of this Notice of Removal.

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which WTL was served with Plaintiff's First Amended Petition. *See* Ex. A-12.

### III.
### BASIS FOR REMOVAL

Plaintiff is an individual residing in Bexar County, Texas. Plains Marketing, L.P. is a Texas corporation with its principal office and place of business in Houston, Texas. Plains All American Pipeline, L.P. is a Delaware corporation with its principal office and place of business in Houston, Texas. WTL Oil, LLC is a Delaware corporation with its principal office and place of business located at 14201 Caliber Dr., Suite 300, Oklahoma County, Oklahoma City, Oklahoma 73134.

---

[1] A true and correct copy of the Docket Sheet, together with all process, pleadings, and orders in the State Court Action, are attached as Exhibits A and A-1 to A-15, respectively, to the Index of Matters Being Filed, which is being filed contemporaneously with this Notice of Removal.

Spiro Penovic is an individual residing at 753 W. Main St. South, Malheur County, Ontario, Oregon 97918. Neither WTL nor Penovic are citizens of the State of Texas and do not have a principal office and/or place of business in the State of Texas.

Plaintiff's State Court Action arises from a motor vehicle accident that occurred on or about February 15, 2019 in Frio County, Texas, wherein Plaintiff alleges that he was struck by a tractor trailer driven by Penovic. Plaintiff further alleges that Penovic was in the course and scope of his employment with WTL and engaged in delivering a load for the use and benefit of WTL and the Plains Defendants at the time of the subject accident. Plaintiff alleges that he sustained severe bodily injuries to his shoulders, neck, back, knees, and, generally, other parts of his body as a result of the subject accident. Plaintiff has asserted causes of action jointly and severally against Defendants for negligence, negligence *per se*, gross negligence, negligent hiring, entrustment, qualifications, vehicle monitoring, retention, management, contracting, maintenance, training, operating, and supervision. *See* Ex. A-8, §V. Plaintiff alleges in his First Amended Petition that the damages he seeks to recover are over $1,000,000. *See* Ex. A-8, ¶3.4. Plaintiff's claims and allegations show that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

### A. Standards for Improper Joinder

The Fifth Circuit has outlined the two methods available to the district courts in deciding a motion for remand based on improper joinder: (1) the court may conduct a Rule 12(b)(6)-type analysis looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant; or (2) after examining the pleadings, the court may determine it is appropriate to pierce the pleadings and conduct a summary inquiry. *See Smallwood v. Illinois Cent R. Co*., 385 F.3d 568, 573 (5th Cir.2004) (*en banc*); *Travis*

*v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). Here, an examination of the Plaintiff's pleadings is sufficient for the court to rule on the removal.

Although Plaintiff may eventually contend that the standard for improper joinder is a heavy one, the standard was not meant to allow plaintiffs' attempts to circumvent federal jurisdiction. *See Smallwood* at 573 ("'the Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.'") (*quoting* 14 Charles Alan Wright, Federal Practice And Procedure § 3641, at 173 (3d ed. 1998)); *see also McKinney v. Board of Md. Community College*, 955 F.2d 924, 928 (4th Cir. 1992) ("Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it."). In fact, the Fifth Circuit routinely upholds improper joinder where, like here, a plaintiff's claims against the non-diverse defendant are based on nothing more than conclusory allegations. *See Carrie Badon, et al. vs. RJR Nabisco, Inc., et al.*, 224 F.3d 382, 392-93 (5th Cir. 2000) (conclusory or generic allegations of wrongdoing are not sufficient to show that the local defendant was properly joined).

**B.     Plaintiff Cannot Establish a Cause of Action Against the Plains Defendants in State Court**

Removal is proper because Plaintiff joined the Plains Defendants solely to defeat diversity jurisdiction. *See Davidson v. Ga.-Pac., L.LO.C.*, 819 F.3d 758, 765 (5th Cir. 2016). Improper joinder can be established by demonstrating, among other things, the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hoyt v. The Lane Construction Corporation*, 927 F.3d 287, 296 (5th Cir. 2019) (citing *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). Moreover, a "mere theoretical possibility of

recovery under local law" will not preclude a finding of improper joinder. *See Badon* at 386 n. 4; *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). Because "the presence of an improperly joined, non-diverse defendant *does not defeat* federal removal jurisdiction based on diversity," a district court *must* decide matters of joinder *before* it can determine whether diversity jurisdiction exists. *See Borden v. AllState Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

As more fully set forth in the Plains Defendants' First Amended Motion to Dismiss filed in the State Court Action (Ex. A-9), Plaintiff has failed to identify any specific instance of damage-causing negligence allegedly committed by either of the Plains Defendants, let alone attribute those instances to any particular defendant. *See Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007) (rejecting reliance on "group pleadings" as defense to sanction). Plaintiff's petition does not state facts sufficient to support a legal duty owed by the Plains Defendants, and even if such a duty were to exist, the facts alleged do not support any breach of such a duty. As a result, Plaintiff's ordinary-negligence and gross-negligence causes of action against the Plains Defendants lack a basis in law.

Plaintiff's petition provides nothing more than conclusory group pleadings and fails to identify: (1) facts to support the existence of a legal duty, (2) what any of the Defendants actually did or failed to do on any occasion, (3) why any such act or omission was negligent, and (4) how any such act or omission proximately caused recoverable damages. Plaintiff's allegations violate the principle that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* at 678, *as quoted in Vasquez,* at 451; *see also, e.g., Zheng v. Vacation Network Inc.,* 468 S.W.3d 180, 186 (Tex. App. – Houston [14th Dist.] 2015,

pet. denied) (dismissing fraud claim because, although elements were alleged, petition did not allege sufficient supporting facts).[2]

Because Plaintiff's allegations actively show that he has no cause of action against the Plains Defendants for the purported claims in this case, there is no reasonable basis for believing that Plaintiff could recover from the non-diverse Plains Defendants in the State Court Action. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564-65 (6th Cir. 2015); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001).

**C.    There is no Joint, Several, or Other Liability Between the Diverse and Non-Diverse Defendants**

WTL and Penovic, the diverse defendants, were joined with the non-diverse Plains Defendants, but: (1) there is no joint, several, or alternative liability between the diverse and non-diverse defendants; and (2) the claims against the non-diverse Plains Defendants have no real connection to the claims against WTL and Penovic, the diverse defendants. *See Tapscott vs. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

Plaintiff has improperly joined the Plains Defendants for "employing" WTL to pick up its petroleum products. However, a company is not vicariously liable for the actions of another corporation (even a related one) absent an alter ego situation or to prevent an injustice where there is something like fraud. *See SSP Partners v. Gladstrong Investments (USA) Corp.,* 275 S.W.3d

---

2 *See also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(holding that generic allegations do not meet "even the liberalized requirements that permit notice pleadings"); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 817 (5th Cir. 1993)(explaining that conclusory "allegations, wholly lacking in factual support" are insufficient as a matter of law to create a cause of action against a non-diverse defendant); *Peters v. Metro. Life Ins. Co.*, 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001) (holding that the allegations against non-diverse defendants "must be factual, and not conclusory, because conclusory allegations do not state a claim"); *Addison v. Allstate Ins. Co.*, 58 F.Supp.2d 729, 734 (S.D. Miss. 1999) ("to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations").

444, 454-55 (Tex.2009).[3] There is no such thing as respondeat superior liability for the actions of someone else's employee, nor is there any duty to hire, train, supervise, retain, or manage the employees of others. Likewise, there is no authority under Texas law for negligent "operations," "contracting," or "delivery" as Plaintiff has pled. Negligence actions in Texas require a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *Nabors Drilling U.S.A. Inc. v. Escoto,* 288 S.W.3d 401, 404 (Tex. 2009) (quot. omitted). A gross-negligence claim does not exist without an underlying negligence claim. *See, e.g., Shell Oil* Co. *v. Humphrey,* 880 S.W.2d 170, 174 (Tex. App. – Houston [14th Dist.] 1994, writ den.) (lack of legal duty defeated both ordinary-negligence and gross-negligence claims). There is no duty under Texas law which would require the Plains Defendants to screen WTL's drivers.

As demonstrated above, there is no joint, several, or alternative liability between the diverse and non-diverse defendants; as such, removal in this case is proper.

Pursuant to 28 U.S.C. § 1441(a), the District and Division where this action is pending is the U.S. District Court for the Western District of Texas, San Antonio Division, and WTL properly seeks to remove this action to this Court.

**IV.**
**CONSENT TO REMOVAL**

Consent for removal is not required from an improperly joined defendant. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (discussing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). The Fifth Circuit Court has recognized that requiring a removing party to

---

[3] "By "injustice" and "inequity" we do not mean a subjective perception of unfairness by an individual judge or juror; rather, these words are used in Castleberry as shorthand references for the kinds of abuse, specifically identified, that the corporate structure should not shield-fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like. Such abuse is necessary before disregarding the existence of a corporation as a separate entity. Any other rule would seriously compromise what we have called a "bedrock principle of corporate law" – that a legitimate purpose for forming a corporation is to limit individual liability for the corporation's obligations." *Id.* at 455.

obtain the consent of improperly joined defendants "would be 'nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.'" *Id*. (quoting *Jernigan* at 815). In *Rico*, the removing parties claimed that the removal was invalid because the non-diverse defendants did not join in the removal petition. *Id*. The Fifth Circuit summarily rejected that argument. The Court noted that Plaintiff's position was incorrect, "since [the removing defendant] claims that [the non-diverse defendants] were not properly joined." *Id*. Accordingly, the Court concluded that "the district court was correct in holding that the absence of consent by [the non-diverse parties] did not render [the] removal invalid." *Id*.

Nevertheless, the improperly/fraudulently joined non-diverse Plains Defendants have consented to this removal as indicated on Exhibit B attached to the Index of Matters Being Filed.

Consent of Defendant Penovic is not required because he has not been properly served and has not filed an Answer in the State Court Action.[4]

## V.
### NOTICE PROVIDED TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), WTL will promptly provide written notice to Plaintiff of this removal and file a copy of this Notice of Removal with the Clerk of the District Court of Frio County, Texas.

## VI.
### CONCLUSION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because it is an action based on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

---

[4] Plaintiff has attempted to perfect service on Penovic by improperly directing and delivering the Citation addressed to Penovic to the registered agent for process of his former employer, WTL. *See* Ex. A-12.

# VII.
## PRAYER

WHEREFORE, based on the foregoing, Defendant WTL OIL, LLC hereby remove this action from the 218th Judicial District Court of Frio County, Texas, to this Court.

Respectfully submitted,

Greg R. Hokenson
State Bar No. 24036794
BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile
ghokenson@brock.law

ATTORNEY FOR DEFENDANT WTL OIL, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 11th day of June 2020:

Jason F. DeSouza
Paul Bowers
DESOUZA LAW, PC
3201 Cherry Ridge Drive, Suite B-208
San Antonio, Texas 78230

~and~

J. Scott Frederick
LAW OFFICE OF J. SCOTT FREDERICK, PLLC
850 Park Street, Suite 100
Beaumont, Texas 77701
*Attorneys for Plaintiff*

David L. Ortega
Erik L. Krudop
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Pl., Ste. 600
San Antonio, Texas 78216
*Attorneys for Defendants Plains Marketing, L.P. and Plains All American Pipeline, L.P.*

Greg R. Hokenson